U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 11 2010

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FAST MEMORY ERASE, LLC<br>*Plaintiff,*<br><br>vs.<br><br>SPANSION, INC., SPANSION LLC,<br>INTEL CORPORATION,<br>NUMONYX B.V.,<br>NUMONYX, INC.,<br>STMICROELECTRONICS NV,<br>STMICROELECTRONICS, INC.,<br>NOKIA CORPORATION,<br>NOKIA INC.,<br>SONY ERICSSON MOBILE<br>COMMUNICATIONS AB,<br>SONY ERICSSON MOBILE<br>COMMUNICATIONS (USA), INC.<br>MOTOROLA, INC., and APPLE INC.<br>*Defendants.* | CIVIL CASE NO. 3:10-CV-481-M<br><br><br><br>JURY TRIAL DEMANDED |

## STIPULATION TO ENTRY OF ORDER AND JUDGMENT OF NON-INFRINGEMENT

Plaintiff Fast Memory Erase, LLC ("FME" or "Plaintiff") and Defendants Intel Corporation ("Intel"), Numonyx B.V. and Numonyx, Inc. (collectively "Numonyx"), Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA), Inc., (collectively "Sony Ericsson"), Apple Inc. ("Apple"), and Motorola, Inc. ("Motorola") (the "Defendants") (collectively, the "Parties") respectfully submit the following Stipulation to Entry of Order and Judgment of Non-Infringement ("Stipulation"), and respectfully show as follows:

WHEREAS FME has filed a complaint in this action alleging infringement of United States Patent No. 6,303,959 ("the '959 patent") and U.S. Patent No. 6,236,608 ("the '608 patent").

- 1 -

WHEREAS the Court has stayed litigation on the '608 patent pending reexamination of the asserted claims of the '608 patent by the Patent and Trademark Office ("PTO") (Dkt. No. 302), and subsequently severed all claims and counterclaims related to the '959 patent into the above-styled action (Dkt. No. 345).

WHEREAS by Memorandum Opinion and Order dated February 2, 2010 ("Memorandum Opinion") (Dkt. No. 332), the Court construed various terms from Claim 1 of the '959 patent, the only claim from the '959 patent that FME asserted was infringed by Defendants.[1]

WHEREAS FME concedes that it cannot prove infringement by Defendants of Claim 1 of the '959 patent in light of the Court's claim construction set forth in the Memorandum Opinion.

WHEREAS the Parties agree that there is no just reason for delay and desire to stipulate to entry of final judgment in the form to be determined by the Court's resolution of the parties' dispute as to whether costs should be awarded to Defendants.

WHEREAS the Parties have a dispute as to whether or not costs should be awarded, and accordingly, submit that narrow issue to the Court for resolution prior to entry of the Stipulation of Order and Judgment of Non-Infringement.

I.  **STIPULATION TO JUDGMENT OF NON-INFRINGEMENT**

IT IS THEREFORE STIPULATED BY AND AMONG THE PARTIES THROUGH THEIR RESPECTIVE COUNSEL AS FOLLOWS:

    A.   **No Infringement Under the Court's Construction of the Term "Source Leakage" in Claim 1 of the '959 Patent.**

FME accuses Intel and Numonyx of infringing (both directly and indirectly) Claim 1 of the '959 patent by making, using, selling, offering to sell, or importing NOR flash semiconductor

---

[1] It is Motorola's position that FME is precluded from pursuing against Motorola the '959 patent infringement allegations. The Parties stipulate that Motorola reserves all rights to maintain its position and pursue any motions regarding its claim that FME waived the '959 patent infringement allegations against Motorola in the event the Final Judgment of Non-Infringement is reversed and the case is remanded.

products. (Dkt. No. 98). FME accuses Sony Ericsson, Apple, and Motorola of infringing (both directly and indirectly) Claim 1 of the '959 patent by making, using, selling, offering to sell, or importing products such as phones that use the accused Intel or Numonyx NOR semiconductor products referenced above and similar products. *Id.*

In its Memorandum Opinion, the Court construed the term "source leakage" in Claim 1 of the '959 patent as: "leakage from the source terminal to the substrate terminal that occurs during source erase." *Id.* at 11.

FME concedes that, under the Court's construction of the term "source leakage" in Claim 1 of the '959 patent, it cannot prove infringement of Claim 1 of the '959 patent by Defendants Intel, Numonyx, Sony Ericsson, Apple, or Motorola because all of the Defendants' accused products are either NOR flash semiconductor devices that do not perform source erase or products incorporating such devices. This concession is based on the following stipulations:

1. All of the products of Intel and Numonyx accused of infringing Claim 1 of the '959 patent are NOR flash semiconductor products that perform channel erase.[2] Thus, none of the accused products of Intel and Numonyx have "source leakage" as that term has been construed by the Court in its Memorandum Opinion.

2. All of the products of Sony Ericsson, Apple, and Motorola accused of infringing Claim 1 of the '959 patent use NOR flash semiconductor products that perform channel erase. Thus, none of the accused products of Sony Ericsson, Apple, and Motorola have "source leakage" as that term has been construed by the Court in its Memorandum Opinion.

Accordingly, the Parties agree that the Court may enter Final Judgment of Non-Infringement, in favor of Intel, Numonyx, Sony Ericsson, Apple, and Motorola, and against FME on:

---

[2] There is a dispute between the Parties over which specific NOR flash semiconductor products of Intel and Numonyx are properly accused of infringement in this action. FME contends that it has properly accused all P804, P805 and P806 products, whereas Defendants contend that FME has only accused one P805 product and multiple P806 products. The Parties reserve their respective positions in the event of a remand following appeal of the Final Judgment of Non-Infringement.

(1) the claims asserted in FME's complaint based upon the Court's construction of the term "source leakage" in Claim 1 of the '959 patent as set forth in its Memorandum Opinion; and

(2) Defendants' counterclaims for declaratory judgment of non-infringement, but only to the extent it is based upon the same claim construction of "source leakage."

The Parties further agree that the Court may dismiss without prejudice all of the Defendants' counterclaims of invalidity and unenforceability.

### B.     Reservation of Rights, Attorney's Fees, and Costs.

By entering into this Stipulation, the Parties expressly reserve all of their rights, claims, counterclaims, arguments, and defenses not adjudicated by the Final Judgment of Non-Infringement, including, but not limited to:

The Parties expressly reserve their right to challenge through appeal, cross-appeal, or otherwise, any or all of the Court's claim construction rulings to which they object. FME expressly reserves the right to file an appeal of the Final Judgment of Non-Infringement and the rulings in the Memorandum Opinion. Defendants expressly reserve the right to file a cross-appeal of the rulings in the Memorandum Opinion.

Motorola expressly reserves the right to maintain its position and pursue any motions regarding its claim that FME waived the '959 patent infringement allegations against Motorola in the event the Final Judgment of Non-Infringement is reversed and the case is remanded.

Defendants' counterclaims for declaratory judgment of invalidity and unenforceability are dismissed without prejudice, but Defendants expressly reserve the right to reinstate all of their defenses and counterclaims in the event the Final Judgment of Non-Infringement is reversed and the case is remanded. The Stipulation to dismiss these counterclaims without prejudice is expressly conditioned on such reservation of rights and the tolling of any applicable statute of limitations from the date the counterclaims were filed through the reinstatement of the counterclaims in the event the action is remanded to this Court after appeal.

Defendants reserve their right to file a timely application for an award of attorney's fees and costs.

In the event that this matter is remanded following an appeal, the Parties reserve their rights to pursue motions, objections, and related hearings on matters that were pending but not decided at the time the Memorandum Opinion was entered. In the event that the Court's construction of "source leakage" is modified on appeal, and the case is remanded, the Parties expressly agree that: (a) FME's acknowledgement that the accused products perform channel erase remains binding and admissible as evidence; (b) that the reservations in section I.B of this stipulation remain effective; and (c) that no other portion of this Stipulation shall be admissible as evidence.

## II.  AWARD OF COSTS

The only issue on which the Parties differ is whether (and if so, then to what extent) the Court should award costs pursuant to Federal Rule of Civil Procedure 54(d). The Parties have submitted their respective positions in their Joint Statement Regarding Award of Costs, filed herewith. Submitted therewith are two proposed judgments for the Court to consider in connection with the Stipulation to Entry of Order and Judgment of Non-Infringement; each is identical other than the fact that one provides for costs to be assessed in Defendants' favor, and one directs that the Parties shall bear their own costs. If costs are awarded, Defendants will submit their bill of costs within 14 days of entry of the judgment pursuant to Local Rule 54.1, subject to FME's ability to challenge the amount of any individual cost item using the procedures provided by the Federal Rules of Civil Procedure.

Accordingly, the Parties stipulate to the entry of a Final Judgment of Non-Infringement subject to the Court's resolution of the issue of costs.

Dated: March 5, 2010

By: */s/Patrick J. Conroy*

Jeffrey R. Bragalone, Attorney in Charge
State Bar No. 2855775
Patrick J. Conroy
State Bar No. 24012448
Winston O. Huff
State Bar No. 24068745
SHORE CHAN BRAGALONE LLP
901 Main Street- Suite 3300
Dallas, Texas 75202
214.593.9110 Telephone
214.593.9111 Facsimile

Attorneys for Plaintiff
**FAST MEMORY ERASE, LLC**

Respectfully submitted:

By: */s/ Chris Ottenweller*

Chris R. Ottenweller
(Admitted Pro Hac Vice)
E-mail: cottenweller@orrick.com
Craig R. Kaufman (Admitted Pro Hac Vice)
E-mail: ckaufman@orrick.com
Steven S. Baik (Admitted Pro Hac Vice)
E-mail: sbaik@orrick.com
Stacy B. Margolies (Admitted Pro Hac Vice)
E-mail: smargolies@orrick.com
James H. Lin (Admitted Pro Hac Vice)
Email: jlin@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025-1015
Telephone: 650.614.7400
Facsimile: 650.614.7401

Craig Weinlein (TX Bar No. 21095500)
E-mail cweinlein@ccsb.com
CARRINGTON COLEMAN SLOMAN & BLUMENTHAL
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: 214.855.3000
Facsimile: 214.855.1333

Attorneys for Defendants
**INTEL CORPORATION, NUMONYX, INC., NUMONYX B.V., SONY ERICSSON MOBILE COMMUNICATIONS AB, SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC. and APPLE INC.**

By: /s/ Russell E. Levine
Russell E. Levine, P.C. (Admitted Pro Hac Vice)
E-mail: rlevine@kirkland.com
Paul Collier (Admitted Pro Hac Vice)
E-mail: pcollier@kirkland.com
Nyika O. Strickland (Admitted Pro Hac Vice)
E-mail: nstrickland@kirkland.com
Emily R. Dempsey (Admitted Pro Hac Vice)
E-mail: edempsey@kirkland.com
KIRKLAND & ELLIS LLP
300 N. LaSalle Street
Chicago, Illinois 60654
Telephone: 312.862.2000
Facsimile: 312.862.2200

Hilda C. Galvan (TX Bar No. 00787512)
E-mail: hcgalvan@jonesday.com
Jon B. Hyland (TX Bar No. 24046131)
E-mail: jbhyland@jonesday.com
JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: 214.220.3939
Facsimile: 214.969.5100

Attorneys for Defendant
**MOTOROLA, INC.**

ORDER

SO ORDERED.

March 11, 2010.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing **STIPULATION TO ENTRY OF ORDER AND JUDGMENT OF NON-INFRINGEMENT** with the Clerk of Court for the United States District Court, Northern District of Texas, using the CM/ECF system. CM/ECF sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Date: March 5, 2010                    /s/ *Patrick J. Conroy*
                                       Patrick J. Conroy